Filed 3/5/13  P. v. Phimmasone CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062561 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD240227) |
| AI PHIMMASONE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Ai Phimmasone was convicted by a jury of felony evading a police officer (Veh. Code, § 2800.2, subd. (a).)[1]  He waived jury trial on and admitted allegations he had served four prior prison terms (Pen. Code § 667.5) and a prior strike conviction (Pen. Code, § 667, subds. (b)-(i)).  The court denied Phimmasone's motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and sentenced him to a prison term of

---

1       All further statutory references are to the Vehicle Code unless otherwise specified.

nine years, consisting of the upper term of three years doubled for the current offense under the three strikes law (Pen. Code, § 667, subds. (b)-(i)), plus three additional consecutive one-year terms for three of Phimmasone's prior prison terms; the court struck the one-year enhancement for the fourth prior prison term because it was based on the prior strike conviction. Phimmasone appeals. We affirm the judgment.

FACTS

On April 6, 2012, Officer Luth and his partner were driving a marked patrol car and began following a car driven by Phimmasone. Phimmasone made an unsafe left turn at a T-intersection and was speeding in violation of section 22350. After Phimmasone ignored a stop sign in violation of section 22450, subdivision (a), Luth activated his lights and siren; Phimmasone did not stop but instead accelerated. After making a wide left turn, Phimmasone lost control of the car and drove into a yard. He drove across the yards of other houses before crashing into a flatbed trailer. He then fled on foot, with Luth and his partner in pursuit, and did not heed shouted demands from Luth to stop. Although Luth lost sight of Phimmasone, other officers, responding to Luth's earlier request for assistance, set up a perimeter and apprehended Phimmasone.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel identifies as possible, but not arguable, issues: (1) whether the instructions concerning identification evidence and the

2

evading offense were adequate; (2) whether it was error not to give a unanimity instruction or a lesser included offense instruction; (3) whether Phimmasone received ineffective assistance of counsel; (4) whether denial of Phimmasone's motion under *People v. Marsden* (1970) 2 Cal.3d 118 was error; (5) whether Phimmasone was adequately advised of his rights when he waived trial on and admitted the prior prison terms and prior strike allegations; and (6) whether denial of Phimmasone's *Romero* motion was an abuse of discretion.

We granted Phimmasone permission to file a supplemental brief on his own behalf, but he has not responded. A review of the record pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *Anders v. California, supra,* 386 U.S. 738 has disclosed no reasonably arguable appellate issues, and Phimmasone has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.

3